UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINGLING FAN,<br><br>                 Plaintiff,<br><br>-against-<br><br>THE 18TH POLICE PRECINCT; NEW YORK STATE ATTORNEY GENERAL'S OFFICE (MANHATTAN CRIMINAL COURT DIVISION); SAKS OFF 5TH,<br><br>                 Defendants. | 24-CV-8910 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights under federal and state law. She sues the 18th Precinct of the New York City Police Department ("NYPD"); the New York State Attorney General's Office; and Saks Off 5th ("Saks"). By order dated December 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On August 11, 2024, Plaintiff visited the Saks store on 57th Street in Manhattan "to return items gifted [to her] without tags." (ECF 1, at 2.) Plaintiff alleges that, despite her "intent to verify the returned items with identical store merchandise, a store employee falsely accused [her] of theft." (*Id.*) Plaintiff asserts that the accusation was "rooted in racial and gender discrimination, showcasing a prejudiced attitude

from store employees."[1] (*Id.*) Store employees "used derogatory language and engaged in provocative behavior to humiliate and intimidate" Plaintiff. (*Id.* at 3.) She maintains that the employees' actions "amount[] to hate crimes" against her. (*Id.* at 4.)

The situation "escalated", and the police became involved, resulting in Plaintiff's detention by officers from the 18th Precinct. (*Id.* at 3.) Plaintiff alleges that officers "illegally seized" her wallet as well as "family heirloom jewelry" and "jade artifacts" worth more than $20,000,000. (*Id.* at 2.) She maintains that the seized items were "never documented or returned." (*Id.*) Plaintiff "experienced police brutality" during the detention, which included "physical force and denial of access to restroom facilities" as well as being "slammed against a wall and forcibly handcuffed." (*Id.* at 3.)

The New York State Attorney General's Office "engaged in deceptive practices, instructing Plaintiff to submit motions via email, but failed to forward these documents to the court, causing delays." (*Id.* at 2.) Plaintiff maintains that the Attorney General's Office "appeared to act in concert" with the 18th Precinct by "knowingly relying on false police reports and fabricated evidence, further obstructing the Plaintiff's ability to receive a fair trial." (*Id.* at 3.)

Plaintiff alleges that the "cumulative actions of Saks employees, police officers, and the Attorney General's Office represent a coordinated effort to harm [her] professional reputation, financial stability, and emotional well-being." (*Id.* at 4.)

Plaintiff further alleges that Saks engaged in "deceptive sales practices" when it "sold low-quality items sourced from platforms like Temu, re-labeled them as 'Unknown Brand,' and marked up the prices by over 100 times." (*Id.* at 8.)

---

[1] Plaintiff identifies as a Chinese female.

Plaintiff attempts to assert federal constitutional claims under 42 U.S.C. § 1983; claims under Title VI and Title VII of the Civil Rights Act of 1964; claims for violation of the Hate Crimes Prevention Act, 18 U.S.C. § 249; conspiracy claims under 42 U.S.C. § 1985(3); claims under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45; and various claims under state law.

Plaintiff seeks money damages.

## DISCUSSION

### A.    Claims under 42 U.S.C. § 1983

Plaintiff asserts a variety of constitutional claims under Section 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

#### 1.    State action

A claim for relief under Section must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Cariello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Saks is a private party that is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims against Saks for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4

### 2. Eleventh Amendment immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the New York State Attorney General's Office, which is effectively an arm of the state, are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. The 18th Precinct

Plaintiff's claims against the 18th Precinct of the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Even if the Court were construe Plaintiff's claims against the 18th Precinct as being asserted against the City of New York, her claims would still fail because Plaintiff does not allege sufficient facts to suggest a viable municipal liability claim. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that

the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

> A plaintiff may satisfy the policy or custom requirement by alleging one of the following:
>
> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

While the complaint includes a reference to a "similar incident" in 2013, Plaintiff does not elaborate on that incident or allege any other facts suggesting that the City of New York has a policy, practice, or custom that has caused a violation of her constitutional rights. The Court therefore dismisses Plaintiff's municipal liability claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff may be able to allege additional facts to state a municipal liability claim or a claim against an individually named officer or officers, the Court grants her 30 days' leave to replead her Section 1983 claims in an amended complaint.

## B.     Claims under 42 U.S.C. § 1985(3)

Plaintiff asserts claims under 42 U.S.C. § 1985(3) that Defendants conspired to violate her rights. To state a claim of conspiracy under Section 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or of equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of [her] constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under Section 1985(3) must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Here, Plaintiff's allegations about a conspiracy among store employees, law enforcement, and the Attorney General's Office to arrest and prosecute her because of her race and national origin are conclusory, vague, and without supporting detail. The Court therefore dismisses

7

Plaintiff's claims of conspiracy under Section 1985(3) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims under Title VII

Title VII of the Civil Rights Act of 1964 provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

Here, Plaintiff fails to state a claim under Title VII because she does not allege that she was ever employed by any of the defendants or that she was discriminated against by any of the defendants in connection with employment. The Court therefore dismisses Plaintiff's Title VII claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Claims under Title VI

Plaintiff asserts claims under Title VI of the Civil Rights Act against Saks. Title VI prohibits a recipient of federal funds from intentionally discriminating on the basis of race, color, or national origin. *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664 (2d Cir. 2012) (citing 42 U.S.C. § 2000d). Here, Plaintiff alleges no facts suggesting that Saks receives federal funds or that it intentionally discriminated against her on the basis of her race, color, or national origin. The Court therefore dismisses Plaintiff's Title VI claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Claims under criminal law

Plaintiff seeks to bring claims under the Hate Crimes Prevention Act, 18 U.S.C. § 249. Plaintiff cannot assert a claim under the Hate Crimes Prevention Act, however, because it does

not provide a private right of action for a civil suit, but rather is a criminal statute that can only be enforced by the federal government. *See Everage v. Cent. Broad. Sys. Corp., Inc.*, No. 7:18-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting decisions holding that the Hate Crimes Prevention Act, 18 U.S.C. § 249, "does not authorize a private right of action). Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can she direct prosecuting attorneys or the Court to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

The Court therefore dismisses Plaintiff's claims under the Hate Crimes Prevention Act and other federal criminal statutes for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

F. **Federal Trade Commission Act**

Plaintiff also attempts to assert claims of false advertising and deceptive practices against Saks under the FTCA, 15 U.S.C. § 45. Plaintiff cannot bring claims under the FTCA, however, because that statute provides no private right of action. *See Naylor v. Case and McFrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) (stating that "it is clear that no private right of action arises under [15 U.S.C. § 45]"); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 560 (S.D.N.Y. 2008) ("[T]he [FTCA], which prohibits unfair or deceptive practices, does not provide for a private cause of action."). The Court therefore dismisses Plaintiff's FTCA

claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### G. Claims under state law

Plaintiff also brings various claims under New York state law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to address the deficiencies outlined in this order, the Court grants Plaintiff 30 days' leave to amend her complaint to address these deficiencies.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for the reasons stated above, see 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead her claims under 42 U.S.C. §§ 1983, 1985.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 6, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge